**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 8 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE LUIS ALONSO-JUAREZ, | No. 15-72821 |
| Petitioner, | Agency No. A072-709-355 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 4, 2022
Seattle, Washington

Before: MURGUIA, Chief Judge, and W. FLETCHER and BENNETT, Circuit
Judges.

Jose Luis Alonso Juarez ("Alonso"), a native and citizen of Mexico appeals

the Immigration Judge's ("IJ") negative reasonable fear determination and reinstated

removal order. He argues (1) that the determination is not supported by substantial

evidence, and (2) that his due process rights were violated because of errors made

by the asylum officer and the IJ. We have jurisdiction under 8 U.S.C. § 1252(a)(1)

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

and deny Alonso's petition.[1]

1. The IJ's reasonable fear determination is supported by substantial evidence. We review a negative reasonable fear determination for substantial evidence. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 833–36 (9th Cir. 2016). The petition may only be granted if, "based on the evidence, 'any reasonable adjudicator would be compelled to conclude to the contrary.'" *Id.* at 833 (quoting *Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014)).

Here, substantial evidence supports the IJ's finding that Alonso failed to establish a reasonable fear of persecution. Alonso contends that he is at risk of persecution because his family was threatened after his half-brother's 2006 disappearance. While family "remains the quintessential" particular social group, *Rios v. Lynch*, 807 F.3d 1123, 1128 (9th Cir. 2015), the evidence does not compel a finding that the Jalisco Cartel disappeared Alonso's half-brother, or threatened Alonso's family, because of family membership. Further, an applicant "does not have a well-founded fear of persecution if the applicant could avoid persecution by relocating to another part of the applicant's country of nationality . . . [and] under all the circumstances it would be reasonable to expect the applicant to do so." *Duran-*

---

[1] We addressed the government's challenge to our exercise of jurisdiction in an opinion filed concurrently with this memorandum disposition. In that opinion, we also addressed Alonso's argument that the reasonable fear screening procedures are inconsistent with the statutory provisions governing withholding of removal.

*Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019) (quoting 8 C.F.R. § 1208.13(b)(2)(ii)) (alterations in original). Substantial evidence supports the IJ's conclusion that Alonso could safely relocate in Mexico and that it would be reasonable to expect him to do so. Alonso's siblings have safely lived in other parts of Mexico since 2006.

Alonso's fear of general cartel violence is also insufficient to support a particularized claim of persecution on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (A noncitizen's "desire to be free from . . . random violence by gang members bears no nexus to a protected ground."). Finally, Alonso also characterized difficulties between his aunt and uncle and the Jalisco cartel as stemming from "personal differences," but a personal vendetta alone cannot support a claim of persecution on account of a protected ground. *Kaur v. Garland*, 2 F.4th 823, 835–36 (9th Cir. 2021).

For similar reasons, the IJ's finding that Alonso failed to establish a reasonable fear of torture is supported by substantial evidence. When evaluating a claim for CAT relief, the agency must consider "all evidence relevant to the possibility of future torture" including "[e]vidence of past torture inflicted upon the applicant"; "[e]vidence that the applicant could relocate"; and "relevant information regarding conditions in the country of removal." 8 C.F.R. § 1208.16(c)(3). Alonso alleges no past torture and presented no evidence that relocation would be

unreasonable. *See generally Maldonado v. Lynch*, 786 F.3d 1155, 1164 (9th Cir. 2015) (en banc).

2. The reasonable fear screening process did not violate Alonso's due process rights. The Fifth Amendment guarantees due process in removal proceedings. *Grigoryan v. Barr*, 959 F.3d 1233, 1240 (9th Cir. 2020). Included in the Fifth Amendment's guarantee is the right to a "full and fair hearing." *Gutierrez v. Holder*, 662 F.3d 1083, 1091 (9th Cir. 2011). An agency decision will be reversed on due process grounds if "(1) the proceeding was so fundamentally unfair that the [noncitizen] was prevented from reasonably presenting his case, and (2) the [noncitizen] demonstrates prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620–21 (9th Cir. 2006) (internal citations and quotation marks omitted). We review claims of due process violations de novo. *Benedicto v. Garland*, 12 F.4th 1049, 1058 (9th Cir. 2021).

It is uncontested that the asylum officer recited facts that were inapplicable to Alonso's case. Alonso argues that the officer failed to satisfy the regulatory requirement to "create a written record of his or her determination, including a summary of the material facts as stated by the applicant . . . and the officer's determination of whether, in light of such facts, the [noncitizen] has established a reasonable fear of persecution or torture." 8 C.F.R. § 1208.31(c). Alonso contends

4

that the IJ erroneously deferred to the asylum officer's faulty analysis instead of conducting a meaningful de novo review.

Even assuming that the asylum officer's recitation and apparent reliance on facts inapplicable to Alonso's case was more than "scrivener's error," we cannot conclude that the agency conducted proceedings that were "so fundamentally unfair that [Alonso] was prevented from reasonably presenting his case." *Ibarra-Flores*, 439 F.3d at 620–21. In reviewing de novo the asylum officer's determination, the IJ noticed the asylum officer's error even before Alonso's counsel pointed it out and did not rely on the unrelated facts. Further, the IJ admitted and considered all of the additional evidence that Alonso wished to present. And while the IJ took over questioning from Alonso's counsel during the second hearing, direct questioning by an IJ in immigration proceedings is permitted and, without more, does not violate due process. *See* 8 U.S.C.A. § 1229a(b)(1) ("The immigration judge shall administer oaths, receive evidence, and interrogate, examine, and cross-examine the alien and any witnesses.").

Moreover, "[t]o show prejudice, [a petitioner] must present plausible scenarios in which the outcome of the proceedings would have been different if a more elaborate process were provided." *Tamayo-Tamayo v. Holder*, 725 F.3d 950, 954 (9th Cir. 2013) (quoting *Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 495 (9th Cir. 2007) (en banc) (second alteration in original)). Alonso has not shown that the

5

outcome of his reasonable fear proceedings would have been different had he received a different and more elaborate hearing.

**DENIED.**[2]

---

[2] Alonso's motion for stay of removal pending adjudication of his petition for review is hereby denied as moot.